IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50207
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ LEON GONZALEZ-LONGORIA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CA-64
- - - - - - - - - -
January 16, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

José Leon Gonzalez-Longoria appeals from the district court's dismissal of his 28 U.S.C. § 2255 motion. He argues that he received ineffective assistance of trial counsel because his attorney failed to investigate and "suppress" the "true chain of custody" of the wiretap tapes and transcripts, improperly induced Gonzalez-Longoria to waive his right to a jury trial, failed to object to the introduction of the wiretap tapes and transcripts as evidence, and improperly waived Gonzalez-Longoria's PSR; that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he received ineffective assistance of appellate counsel because his attorney failed to raise the tainted-evidence issue on direct appeal; that his due process rights were violated by the introduction of the allegedly altered wiretap tapes and transcripts; that his due process rights were violated by the civil forfeiture proceeding; and that the district court erred by failing to conduct an evidentiary hearing.  We have reviewed the record and find no reversible error.  Although the Government argues that Gonzalez-Longoria's claims of ineffective assistance of trial counsel are not properly before this court, we have reviewed those claims as well because they were considered by the district court in its denial of Gonzalez-Longoria's postjudgment motion for reconsideration.  Accordingly, the judgment is AFFIRMED for essentially the reasons stated by the magistrate judge and adopted by the district court in its denial of Gonzalez-Longoria's § 2255 motion, and for the reasons stated by the district court in its denial of Gonzalez-Longoria's postjudgment motion for reconsideration.  See Gonzalez-Longoria v. United States of America, No. SA-92-CR-65 (W.D. Tex. Dec. 13, 1996); Gonzalez-Longoria v. United States of America, No. SA-92-CR-65 (W.D. Tex. Mar. 11, 1997).

AFFIRMED.